## HERBERT ET AL. V. HARRISON BUILDING & DEPOSIT ASS'N ET AL..

ACTION TO RECOVER BUILDING SOCIETY DEPOSIT.

In an action for a building society deposit, brought against the society, and the administrator's assignor, the society not disputing the claim and the administrator denying the assignment and claiming the fund, it is error to dismiss the administrator, and the plaintiff can ask reversal on this ground.

ERROR to the Court of Common Pleas of Hamilton county.

The plaintiffs, in these cases, sued to recover the value of shares in the defendant building association, which they claim were transferred to them by Eliza Lloyd, now deceased. The parties made defendant were the building association and Frank Bowles, administrator of Eliza Lloyd. The building association answered, admitting that it had in its possession money belonging to Eliza Lloyd, and asking the direction of the court as to whom it should be paid. The administrator answered, denying that Eliza Lloyd transferred her shares in the defendant association to the plaintiffs, as alleged by them. The court below dismissed the administrator as not a proper party to the suit, and on the issue joined between the plaintiffs and the building association found for the latter.

SWING, J.

These causes should be reversed. The only issue joined, and the only proper issue to be joined, was between the plaintiffs and Bowles, the administrator. The building association had no right to contest the matter. It stood willing to pay to the proper owners the amounts due. The administrator and the other parties claimed to be the rightful owners. The issue was between them, and the administrator was not only a proper party, but the real party in interest, and the judgment should have been either for or against either of these parties; but the court found that the administrator was not a proper party, and dismissed his answer and cross-petition. When this was done it left no issue to try between the plaintiffs and building association. The plaintiff's petition then stood without a denial as to their allegations, and judgment should have been rendered in their favor. But the court found for the building association on the issues joined between it and the plaintiffs, when in fact there were no issues joined. This was error in our judgment, and the judgments should be reversed, and the causes remanded for further proceedings.

*George B. Goodhart* and *Matthews & Cleveland*, for the plaintiffs in error.

*P. W. Francis* and *Hollister & Hollister*, for the administrator.